UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

MATTHEW HANNAN,

                              Plaintiff,

            -against-

CITY OF NEW YORK et al.,

                              Defendants.

---------------------------------------------------------

18cv09878 (PGG) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

Currently before this Court are (1) a motion by *pro se* plaintiff Matthew Hannan

("Plaintiff") for an extension of time and the Court's assistance in effecting service on three

individuals previously identified in the Complaint as "Doe" defendants (Dkt. 73), and (2) a

motion by Plaintiff to amend the Complaint, so as to add certain new allegations and to substitute

the true names of the "Doe" defendants in the caption of his pleading (Dkts. 89, 90).  As set forth

below, Plaintiff's motion to amend is granted, except to the extent that Plaintiff has sought to

include, in his proposed amended pleading, a claim that has already been dismissed with

prejudice by Order of the Honorable Paul G. Gardephe, U.S.D.J.  As Plaintiff is proceeding in

this action *in forma pauperis*, his request for assistance in effecting service of the Amended

Complaint on the newly named defendants is also granted.

## BACKGROUND

The relevant procedural history of the pending motions is as follows:

### A.      Identification of the "Doe" Defendants

On November 14, 2018, Judge Gardephe entered an initial Order of Service in this case

(Dkt. 13), directing, *inter alia,* that Rose Associates, Inc. (mistakenly referred to by the Court as

"Ross Associates") identify three "Doe" defendants who had been named in Plaintiff's

Complaint as security guards at Henry Hall, where Plaintiff had resided, and from where, he alleged he had been unlawfully evicted (*see* Dkt. 2).  That Order of Service further stated:

> Within thirty days of receiving this information, the Court will issue an order directing the Clerk of Court to add the full names of these defendants to the caption of the complaint and to complete the USM-285 forms with the addresses for the named defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

(Dkt. 13, at 3-4.)

On March 11, 2019, in connection with a motion to dismiss filed by defendants Amy Rose, Kevin Rodrigues, and Yamile Zarzuela (collectively, for purposes of this Order, the "Rose Defendants"), the Rose Defendants stated that, while the three "Doe" defendants were identified in the Complaint as security guards employed by Rose Associates, and while Rose Associates did not employ security guards, it had "performed a search of employee rosters . . . and found that a company affiliate [had] secured concierge workers for Henry Hall," including three individuals named Raymond Alexander ("Alexander"), Andrew Campan ("Campan"), and Alexis Hernandez ("Hernandez").  (Dkt. 34.)

While the motion to dismiss was pending, the Court did not direct the Clerk of Court to amend the caption of the Complaint to add the names of Alexander, Campan, and Hernandez as defendants, but, on February 7, 2020, this Court held a telephone conference with Plaintiff and counsel for the Rose Defendants, and requested that Plaintiff clarify whether he still wished to move forward with his claims against these three individuals.  Shortly thereafter, on February 11, 2020, Plaintiff filed a motion, responding in the affirmative, and asking for both an extension of time to effect service of process on these three defendants, and the assistance of the U.S. Marshal Service in doing so.  (Dkt. 73.)

**B.      Resolution of the Rose Defendants'**
**Motion To Dismiss the Original Complaint**

On February 28, 2020, this Court issued a Report and Recommendation on the Rose

Defendants' motion to dismiss the Complaint for failure to state a claim, recommending that the

motion be granted in part and denied in part, and that Plaintiff be granted leave to replead claims

that had been inadequately pleaded under Section 1983 and the New York State Constitution.

(Dkt. 76.)

By Order dated April 17, 2020, Judge Gardephe adopted this Court's Report and

Recommendation in part, dismissing Plaintiff's claims under Section 1983, the New York State

Constitution, the Rehabilitation Act, Section 713 of the New York Real Property Actions and

Proceedings Law ("Section 713"),[1] and the Federal Trade Commission Act ("FTCA").

(Dkt. 88.)  Judge Gardephe granted Plaintiff leave to amend with respect to his claims under

Section 1983 and the New York State Constitution, and to add Alexander, Campan, and

Hernandez as defendants, and otherwise denied leave to amend on the ground that further

amendment would be futile.  (*Id.*)  Specifically, Judge Gardephe held:

> Leave to amend is granted as to Plaintiff's Section 1983 and New
> York State constitution claims, and is otherwise denied.  Any
> motion for leave to amend must be filed by May 17, 2020.  The
> proposed Amended Complaint must be attached as an exhibit to
> the motion.

(*Id.*, at 25.)  As to Alexander, Campan, and Hernandez, Judge Gardephe noted, that, in Plaintiff's

objections to this Court's Report and Recommendation, Plaintiff had sought "'leave to use

correct names of "Doe" Defendants and update the case caption,' and to reorganize his claims as

---

[1] Apparently inadvertently, Judge Gardephe's opinion referred to this claim as brought
pursuant to Section 713 of the New York City Administrative Code.  (*See* Dkt. 88.)

to each Defendant." (Id., at 24 n.8 (quoting Dkt. No. 82, at 1, 13-19.)  Judge Gardephe indicated that "[t]hese matters should also be addressed in the proposed Amended Complaint." (*Id.*)

### C. Plaintiff's Subsequent Motion For Leave To Amend

On May 18, 2020, one day after the deadline set by Judge Gardephe, Plaintiff filed two letter motions seeking leave to amend (one directed to the undersigned and the other to Judge Gardephe), attaching, to each, a proposed Amended Complaint. (*See* Dkts. 89, 90.)  The proposed Amended Complaint includes additional allegations regarding, *inter alia,* Plaintiff's sexual orientation and claimed disability, the newly identified defendants and their role in Plaintiff's removal from Henry Hall, the alleged receipt of low-income housing tax credits by Rose Associates in connection with Henry Hall, Plaintiff's alleged return to Henry Hall in November of 2018, and his alleged arrest in connection with that return. (*See* Dkt. 90-1.)  The proposed Amended Complaint omits Plaintiff's earlier claims under the FTCA, but purports to continue to assert claims under the Rehabilitation Act and Section 713, even though those claims were previously dismissed without leave to amend. (*See* Dkt. 90-1, ¶¶ 120-123 (asserting claims under "Section 504 of the Rehabilitation Act . . . and the Fair Housing Act"); ¶¶ 127-129 (citing only N.Y.C. Admin. Code § 26-521 but purporting to assert claims under "City and State Laws," including a claim for "[e]victing without a 10-day Notice to Quit").)

By letter dated May 21, 2020, the Rose Defendants informed the Court that they had no objection to Plaintiff's motion for leave to file an Amended Complaint, although they reiterated a previously stated position that they were unable to accept service on behalf of Alexander, Campan, and Hernandez. (Dkt. 92.)  The Rose Defendants also indicated that they would anticipate eventually moving to dismiss the Amended Complaint, but requested that, once the

new defendants were served, a uniform schedule be set for all defendants' responses to the
Amended Complaint.

In reply, Plaintiff wrote that he agreed that "all defendants should have similar dates to
Answer after the newly-named defendants . . . are served."  (Dkt. 93.)  Plaintiff also provided
addresses at which he stated that Alexander, Campan, and Hernandez could be served.  (*Id*.)

Thereafter, counsel for defendant the City of New York (the "City") wrote separately to
the Court, indicating that, unlike the Rose Defendants, the City *did* oppose Plaintiff's motion to
amend.  (Dkt. 93.)  Specifically – without reference to Judge Gardephe's Order of April 17,
2020, which had granted Plaintiff leave to amend his Section 1983 claim – the City argued that,
to the extent Plaintiff sought to replead his Section 1983 claims against *the City*, the motion
should be denied as untimely under a Scheduling Order issued by this Court well before
Judge Gardephe's decision.  (*See id*.)  The City also argued that, given his delay in seeking to
assert any new claims against the City, Plaintiff could no longer do so as of right under Rule 15
of the Federal Rules of Civil Procedure (*id*.) and that the delay was prejudicial to the City (*id*.).

Plaintiff did not file a reply to the City's letter.

## DISCUSSION

In light of the procedural history outlined above and Judge Gardephe's April 17, 2020
Order, this Court need not decide whether Plaintiff should be afforded leave to amend the
Complaint so as (a) to add the true names of the individuals originally identified as "Doe"
defendants, and (b) to replead his claims under Section 1983 and the New York State
Constitution.  Judge Gardephe's Order has already granted Plaintiff such leave.  To the extent the
City would view that Order as only allowing an amendment of claims asserted against the Rose
Defendants or the newly identified defendants, this Court disagrees.  Plaintiff is proceeding

*pro se*, and, as pleaded, the principal defect in his constitutional claims against the Rose

Defendants was that he did not adequately plead that those defendants were state actors.  As the

Court noted, Plaintiff might have been able to plead that those defendants engaged in joint

conduct with City agents, giving rise to constitutional violations, but his original Complaint was

inadequately pleaded to enable him to proceed on such a theory.  Indeed, as Judge Gardephe

wrote:

> . . . [I]n order to establish joint action, Plaintiff would have to
> plead facts showing that the moving Defendants and City officials
> shared a common unlawful goal, and agreed to deprive Plaintiff of
> rights guaranteed by the U.S. and New York State constitutions.
> This Court agrees with Judge Freeman that it cannot be said, at this
> stage of the proceedings, that there is no "indication that a valid
> claim might be stated."  . . .  Accordingly, Plaintiff is granted leave
> to amend his Section 1983 and New York State constitution claims
> to the extent those claims are premised on civil process.

(Dkt. 88, at 23-24 (citation omitted).)

As a general matter, a *pro se* litigant should be afforded a chance to remedy a defective

pleading after the Court has explained the nature of the defects in a decision on a motion to

dismiss.  *Nielsen v. Rabin,* 746 F.3d 58, 62 (2d Cir. 2014) ("A *pro se* complaint should not be

dismissed without the Court granting leave to amend at least once when a liberal reading of the

complaint gives any indication that a valid claim might be stated." (internal quotations marks and

citation omitted)).  That explanation was not provided here until after the motion to dismiss was

decided.  To the extent Plaintiff has now sought to detail, clarify, or expand the grounds for his

constitutional claims – whether against the Rose Defendants, against the City, or jointly – he

should be permitted to do so.  If the City wishes to challenge the adequacy of any constitutional

claim newly asserted against it, then it may move to dismiss that claim.

It is true that Plaintiff's motion for leave to amend was not filed until May 18, 2020, one day after the May 17, 2020 deadline set by Judge Gardephe.  Nonetheless, given Plaintiff's *pro se* status and the fact that this single-day delay cannot, it itself, be found to be prejudicial, this Court will allow the late filing.  Plaintiff, however, should not be permitted to amend with respect to any claim that Judge Gardephe has already dismissed with prejudice.  Accordingly, Plaintiff's motion for leave to amend is granted, *except* as to his purported reassertion of claims under the Rehabilitation Act or Section 713.

So as to streamline these proceedings at this point, this Court will deem the Amended Complaint (which may be found on the Docket at Dkt. 90-1, with exhibits thereto found at Dkts. 90-2 and 90-3) to be filed as of the date of this Order.  The references to claims under the Rehabilitation Act and Section 713 shall be deemed stricken.

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion for an extension of time to effect service on the newly named defendants, and for the assistance of the U.S. Marshals Service in doing so (Dkt. 73) is granted.  Plaintiff's motion for leave to file an Amended Complaint (Dkts. 89, 90) is also granted, except that the Third Cause of Action of his proposed Amended Complaint shall be deemed stricken to the extent it asserts a claim under the Rehabilitation Act, and the Fifth Cause of Action shall be deemed stricken to the extent it asserts a claim under Section 713, as such claims were previously dismissed with prejudice.  With that modification, the Amended Complaint that Plaintiff has submitted to the Court at Dkts. 90-1 through 90-3 shall be accepted for filing, and deemed filed as of this date.

The Clerk of Court is directed to complete the USM-285 forms necessary to allow the U.S. Marshals Service to effect service of process of an Amended Summons and the Amended

Complaint on newly named defendants **Raymond Alexander**, **Andrew Campan**, and

**Alexis Hernandez**.  The service addresses for these three defendants are set out in Dkt. 93, a

copy of which is attached hereto.  The Clerk of Court is also directed to deliver to the

U.S. Marshals Service a copy of this Order, together with all other documents necessary to effect

service on these three defendants, and to instruct the U.S. Marshals Service that a copy of this

Order should be included with the service.

The deadline for the Rose Defendants and the City to move, answer, or otherwise respond

to the Amended Complaint is extended to 21 days after service of process is made on defendants

Alexander, Campan, and Hernandez.

The Clerk of Court is directed to close the motions at Dkts. 73, 89, and 90 on the Docket

of this action.

Dated:  New York, New York
       July 10, 2020

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All parties (via ECF)

8

Matthew Hannan
481 8th Avenue, 2565
New York, NY 10001
(646) 400-4813
lmjt4ny@iCloud.com


**VIA ECF**


Honorable Debra Freeman
United States Magistrate Judge
United States District Court of Southern New York
500 Pearl Street
New York, NY 10007

**Re:     Hannan v. Rose, *et al.***
**       Case # 1:18-cv-09878 (PGG) (DCF)**
**       Reply to Letter from Rose Associates Defendants**

Dear Judge Freeman:

I am in the Plaintiff in the above described matter acting *pro se*. Today, I write Your Honor as a
Reply to letter from the Rose Associates Defendants filed under Docket #92.

I agree with attorney Felice Ekelman's letter in what it requests that all defendants should
have similar dates to Answer after the newly-named defendants, Raymond Alexander, Andrew
Campan, and Alexis Hernandez are served.

For the purpose of having the newly-named defendants served, I hereby beg Your Honor for
help in serving my newly amended Complaint—which can be found as an exhibit under Docket
# 90—to those three defendants by Ordering that the U.S. Marshalls serve the three newly-
named defendants at their distinct addresses as shown below:

a.      Raymond Alexander
        2165 Chatteriton Avenue, Apt 2B
        Bronx, NY 10472

b.      Andrew Campan
        1913 Haight Avenue, Apt PH
        Bronx, NY 10461

c.      Alexis Hernandez
        1048-25 88th Avenue, Apt 11F
        Jamaica, NY 11435

Because I, the "Plaintiff[,] ha[ve] been granted permission to proceed IFP, [I am] entitled to
rely on the Court and the U.S. Marshals Service to effect service. See Walker v. Schult, 717

1

F.3d. 119, 123 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process ... in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)" (See, Docket #13, Page 2)

Additionally, I take this opportunity to announce my willingness to reach a settlement given I have amended my Complaint, if this Court finds a settlement is a proper and still available option and when this Court sees fit to allow such a meeting.

For the purposes of a settlement offer and negotiations, I am available for discussions with any already served defendants and the newly-named defendants, at their earliest convenience.

My contact information to settlement and any other purposes relating to this Case are as shown in the sender portion of this letter and repeated under my signature, herein.

Respectfully submitted on May 26, 2020 in Manhattan, City and State of New York.


_____

Matthew Hannan
481 8th Avenue, 2565
New York, NY 10001
(646) 400-4813
lmjt4ny@iCloud.com


cc. All responding parties via ECF

2